IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK CHIN,

    Petitioner,　　　　　　　　　　No. CIV S-10-3258 GEB DAD P

    vs.

RICK HILL, Warden,

    Respondent.　　　　　　　　　　FINDINGS AND RECOMMENDATIONS

    _____/

    Petitioner, a state prisoner proceeding pro se, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 22, 2011, respondent filed the pending motion to dismiss, arguing that petitioner's federal habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Petitioner has filed an opposition to the motion, and respondent has filed a reply.

**BACKGROUND**

    On December 31, 2007, prison officials issued a rules violation report charging petitioner with possession of an inmate-manufactured weapon.  At petitioner's disciplinary hearing, prison officials found him guilty of the charge and assessed him 360 days loss of time credits.  Petitioner unsuccessfully challenged that guilty finding through the administrative appeals process.  (Am. Pet. Exs. A & H-J.)

Applying the mailbox rule,[1] on October 27, 2009, petitioner filed a petition for writ of habeas corpus challenging his prison disciplinary conviction in the Solano County Superior Court. After that court denied his petition, he filed petitions seeking habeas relief in the California Court of Appeal and the California Supreme Court. On September 15, 2010, the California Supreme Court denied his petition. (Resp't's Mot. to Dismiss Exs. 1-6.)

On December 1, 2010, petitioner commenced this action by filing a federal petition for writ of habeas corpus with this court.

**RESPONDENT'S MOTION TO DISMISS**

I. <u>Respondent's Motion</u>

Respondent moves to dismiss the pending federal petition, arguing that it is time-barred. Specifically, respondent argues that the director's level of review rejected petitioner's administrative appeal challenging his disciplinary conviction on December 12, 2008, at which time petitioner became aware of the factual predicate of his habeas corpus claims. According to respondent, the statute of limitations for the filing of a federal habeas petition began running the following day on December 13, 2008, and expired one year later on December 12, 2009. (Resp't's Mot. to Dismiss at 2.)

Respondent acknowledges that the proper filing of a petition for writ of habeas corpus in state court challenging the pertinent disciplinary conviction tolls the one-year statute of limitations period. However, respondent contends that even if the court grants petitioner statutory tolling for the entire time he was pursuing his claims in state court, his federal habeas petition is still untimely by about a month. Accordingly, respondent maintains that the pending petition is untimely and must be dismissed with prejudice. (Resp't's Mot. to Dismiss at 2.)

/////
/////

---

[1] See <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

II. Petitioner's Opposition

In opposition to respondent's motion to dismiss, petitioner argues that the statute of limitations for his filing of a federal habeas petition did not begin to run again until ninety days after the California Supreme Court denied his petition because he could have filed a petition for writ of certiorari with the United States Supreme Court but chose not to do so. Alternatively, petitioner argues that he is entitled to equitable tolling of the statute of limitations because prison officials failed to include updated legal materials in the prison law library and failed to provide him meaningful access to the law library at his institution of incarceration. (Petn'r's Opp'n to Resp't's Mot. to Dismiss at 1-5 & Exs.)

III. Respondent's Reply

In reply, respondent argues that petitioner is not entitled to statutory tolling for the ninety-day period following the California Supreme Court's denial of his habeas petition. Respondent also argues that petitioner is not entitled to equitable tolling because he has not alleged how any purportedly deficient legal resources or limited access to the law library caused his federal habeas petition to be untimely. (Resp't's' Reply at 2.)

**ANALYSIS**

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(D)

The one-year statute of limitations period set forth in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004). See also Redd v. McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003). When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the limitation period begins to run. See Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83. Under § 2244(d)(1)(D), the limitation period begins to run once "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

In this case, the parties do not dispute that petitioner's administrative appeal challenging the disciplinary conviction at issue was denied at the director's level of review on December 12, 2008. The parties also do not dispute that, for purposes of federal habeas relief, the one-year statute of limitations period for the filing of a federal petition began to run no later than December 13, 2008, the day after the director's level decision, and expired one year later on December 12, 2009. See Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1082. Applying the

4

mailbox rule, petitioner did not file his federal habeas petition in this court until December 1, 2010. Accordingly, the pending petition is untimely by almost a full year unless petitioner is entitled to the benefit of tolling.

III. Application of § 2244(d)(2)

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during one full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

Here, the parties do not dispute that petitioner is entitled to statutory tolling for the entire time that he pursued his claims in state court. In this regard, petitioner is clearly entitled to tolling of the statute of limitations from October 27, 2009, when he filed his first petition with the Solano County Superior Court, through September 15, 2010, when the California Supreme Court denied his final state habeas petition. However, contrary to petitioner's argument, he is not entitled to statutory tolling for the ninety day period after the California Supreme Court denied his petition. See Lawrence v. Florida, 549 U.S. 327, 337 (2007) ("the filing of a petition for certiorari before this Court does not toll the statute of limitations under § 2244(d)(2)"); White v. Klitzkie, 281 F.3d 920, 924 (9th Cir. 2002) ("A petition for a writ of certiorari to the United States Supreme Court is simply not an application for state review.").

/////

/////

Granting petitioner tolling for the time he pursued his claims in state court, the pending federal habeas petition is still untimely because 318 days of the limitations period elapsed before petitioner filed his first habeas petition in the Solano County Superior Court, and an additional 76 days elapsed after the California Supreme Court denied his third and final petition before he submitted his federal petition for filing in this court.  Accordingly, 394 days had elapsed by the time petitioner filed his federal habeas petition in this court on December 1, 2010.  Thus, the pending federal petition is time-barred under the AEDPA's one-year statute of limitations unless petitioner were to be entitled to equitable tolling.

IV.  Equitable Tolling

The United States Supreme Court has confirmed that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases."  Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2560 (2010).  However, "a 'petitioner' is 'entitled to equitable tolling' only where he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).[2]  See also  Harris v. Carter, 515 F.3d 1051, 1054 (9th Cir. 2008); Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003).  Thus, equitable tolling is appropriate only when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely petition.  See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Moreover, the petitioner bears the burden of demonstrating the existence of grounds for equitable tolling.  See Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Courts are expected to "take seriously Congress's desire to accelerate the federal habeas process."  Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1289 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163

---

[2] "The diligence required for equitable tolling purposes is 'reasonable diligence' . . . not 'maximum feasible diligence.'"  Holland, 130 S. Ct. at 2565 (citations omitted).

F.3d 530 (9th Cir. 1998).  See also Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (describing the Ninth Circuit's standard as setting a "high hurdle" to the application of equitable tolling).  To this end, "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied[.]" Holland, 130 S. Ct. at 2564.  Whether a party is entitled to equitable tolling "turns on the facts and circumstances of a particular case." Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (quoting Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)).  See also Holland, 130 S. Ct. at 2565 (leaving "to the Court of Appeals to determine whether the facts in this record entitle Holland to equitable tolling, or whether further proceedings, including an evidentiary hearing, might indicate that respondent should prevail").

　　　　Here, even assuming for the sake of argument that petitioner has been diligently pursuing his rights, he has not demonstrated that some extraordinary circumstance stood in his way of filing a timely federal habeas petition or that any such extraordinary circumstance was the "but for" or proximate cause of his late-filed petition.  See Bryant v. Ariz. Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007); Allen v. Lewis, 255 F.3d 798, 800-01 (9th Cir. 2001).

　　　　It is true that an inadequate prison law library can constitute an extraordinary circumstance justifying equitable tolling.  See Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000).  In this case, however, petitioner has failed to explain how his institution's law library was so inadequate as to prevent him from filing a timely federal habeas petition.  Although petitioner has attached to his opposition exhibits which purport to list certain legal materials that are missing from Folsom State Prison's law library, petitioner's exhibits refer to missing legal materials only as of February 2, 2011.  As noted above, even with statutory tolling the limitations period for petitioner's filing of a federal habeas application expired in early November of 2010.  Petitioner has not included any exhibits with his opposition indicating that the prison law library was missing essential legal materials during the relevant statute of limitations period.  Nor has petitioner specified what missing legal materials, if any, he needed to assert the claims in his pending federal petition.

Similarly, petitioner has not alleged when or how often he was denied access to the prison law library or how limited access to that library prevented him from filing a timely federal habeas petition. Petitioner has also failed to explain his efforts to obtain access to the law library during the relevant time period. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) ("Ordinary prison limitations on Ramirez's access to the law library and copier . . . were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner."). Accordingly, based on the record before the court, petitioner is not entitled to equitable tolling of the applicable one-year statute of limitations.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Doc. No. 15) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of

/////

appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the Board), overruled in part by Swarthout, 131 S. Ct. 859 (2011).

DATED: September 13, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
chin3258.157